Dan H. WILLIAMSON, Jr. and Olwen
T. Williamson, Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. C81–2226A.

United States District Court,
N.D. Georgia,
Atlanta Division.

June 28, 1983.

Robert J. Hipple, Atlanta, Ga., for plaintiffs.

Barbara Tinsley, Asst. U.S. Atty., Atlanta, Ga., for defendant.

## ORDER

FORRESTER, District Judge.

On February 9, 1983 the parties to this taxpayers' refund action stipulated to entry of judgment in favor of the plaintiffs, and on February 28, 1983 judgment was entered for the plaintiffs. The action is now before the court on plaintiffs' motion for award of attorney's fees and defendant's opposition thereto.

The plaintiffs seek an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). Under that section "a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

The United States does not contend that special circumstances exist; therefore, the issue here is whether the position of the Government was "substantially justified," which is essentially a question of reasonableness. H.R.Rep. No. 96–1418, 96th Cong., 2d Sess. 13 (1980). After the prevailing party has submitted an application for an award, the Government has the burden of showing that an award should not be made by showing that its case had a reasonable basis both in law and in fact. H.R.Conf.Rep. No. 96–1434, 96th Cong., 2d Sess. 22 (1980), U.S.Code Cong. & Admin. News 1980, p. 4953.

The issue in this case was whether the plaintiffs were entitled to not recognize, for tax purposes, a portion of the gain from the sale of the home they owned in Virginia, pursuant to Section 1034 of the Internal Revenue Code of 1954. Whether or not property is used by the taxpayer as his principal residence under this section "depends upon all the facts and circumstances in each case, including the good faith of the taxpayer. The mere fact that property is, or has been, rented is not determinative that such property is not used by the taxpayer as his principal residence." Treasury Regulations on Income Tax (1954 Code), Sec. 1.1034–1(c)(3).

The Government argues that since the issue of the plaintiffs' intent is controlling, and since that issue is inherently factual,

the United States' pursuit of this action "to determine what evidence the plaintiffs possessed to substantiate their position"[1] justifies the bringing of the suit. It is averred by the plaintiffs without dispute that the same facts with the same supporting documentation were presented with their refund claim as were developed in discovery. The Government nowhere says that it had any cause to doubt or distrust the information provided initially to the IRS. For some inexplicable reason it denied the refund and forced the citizens into court to get their due. Presumably, this is the sort of cavalier conduct the Congress had in mind when it passed the Act. The court is here to decide disputed questions of law or fact. The Government has yet to show either that there was in fact any dispute on either count or that it maintained any belief on an articulable ground that one existed. If it cannot articulate reasonable grounds for perceived controversy, it must be willing to pay to see the proof. Accordingly, this court finds that the litigating position of the United States before this court was not *substantially* justified.

Counsel for the plaintiffs has now submitted an affidavit in support of the claim for attorney's fees in which he shows that he spent 38.2 hours in the handling of the matter and shows that his client has already paid him at the rate of $75 per hour for most of the time involved. The Government has not complained that the hourly rate is excessive or that the time is unreasonable. The court finds that $75 per hour is on the conservative side for work of this type by attorneys with Mr. Hipple's education and experience in this area. Further, the court has reviewed the activities which Mr. Hipple engaged in and finds the times spent were reasonable. The factors which the court must consider are set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). Other than what the court can judicially notice, neither the Government nor counsel for the plaintiff has provided any information on many of the factors. The court considers a

fee of $2,700 to be reasonable considering the nature of the litigation and the results achieved, taking into account the time spent in the handling of the case and the prevailing hourly rates for this sort of work in the metropolitan Atlanta area. As no party has shown any reason why this basic figure should be increased or decreased, the court would award $2,700 in fees plus $59.86 in out-of-pocket expenses.

The judgment heretofore entered shall be amended to reflect these awards.

---

**1.** Government's Opposition, filed April 5, 1983, at 6.